[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION/ORDER
Pursuant to the hearing held before the court on March 3, 2003, the court hereby orders that the recommendations made by the guardian ad litem for the minor children hereby be and are approved and entered as orders of the court. Those recommendations are submitted in a document entitled "Recommended Custody and Parenting Orders" which is dated March 3, 2003. In addition to the recommendations as to custody and parenting schedule contained therein, the court also adopts the recommendations with respect to counseling and telephone contact. No order with respect to child support shall enter at this time. The court also enters the following orders.
The plaintiff, Patricia Avery, shall submit a copy of the psychological report which she has had prepared to the family relations office. The family relations office shall notify the plaintiff, defendant, and the court as to whether that report is in compliance with the recommendations and orders previously made by the court.
The plaintiff shall refrain from the consumption of alcohol prior to and in the presence of the minor children.
 BY THE COURT Antonio C. Robaina, J.
 RECOMMENDED CUSTODY AND PARENTING ORDERS
1. CUSTODY/PRIMARY RESIDENCE:
The parties shall have joint legal custody of the four minor children CORINNA A. FORNABI (dob: 7/27/90); MEAGAN K. FORNABI (dob: 12/18/91); PHILLIP A. FORNABI (dob: 7/24/94); and BRIDGET A. FORNABI (dob: 3/15/96).
Primary residence will be with the Defendant Father. CT Page 3966
2. PARENTING SCHEDULE:
Plaintiff Mother will have parenting time with all the minor children every Sunday from 10:00 a.m. to 5:30 p.m. Plaintiff Mother will have parenting time with all the minor children the second Saturday of each month from 5:30 p.m. on Saturday to 5:30 p.m. on Sunday.
Plaintiff Mother will have one child individually over night every Friday night on a rotating basis.
Plaintiff Mother will have parenting time with Phillip on Monday from after school or after work until 7:30 p.m.
Plaintiff Mother will have parenting time with Corinna and Meagan on Tuesday and Wednesday from after school or after work until 7:30 p.m.
Plaintiff Mother will have parenting time with Bridget on Thursday from after school or after work until 7:30 p.m.
It is imperative that the children are returned to their primary residence on time. Any delay must be agreed upon by the Defendant Father.
Mother is responsible for all pick-up and drop-offs. The children will be expected and encouraged to go to all assigned parenting times with the Plaintiff Mother, although Meagan will not be forced to attend the mid-week visits.
3. COUNSELING
The children will continue in group counseling at the East Hartford Youth Services. Father is participating with the children at the present time. Mother will join in the sessions if the counselor deems it appropriate.
Mother and Meagan will seek to discuss their outstanding issues in a therapeutic setting in the immediate future. The advice and the recommendation of the current therapist at the East Hartford Youth Services will be considered when looking for the proper therapeutic setting for these discussions.
Plaintiff Mother will participate in a full psychiatric/psychological evaluation which is acceptable to the Family Relations Office of the Court Support Services Division. She will comply with any recommendations CT Page 3967 and treatment made as a result of this evaluation.
Defendant Father will continue to participate in individual counseling and is encouraged to attend and participate in appropriate support groups
3. CHILD SUPPORT:
An order of child support will be entered in accordance with the State of Connecticut Guidelines for _____/week, payable by the Plaintiff Mother to the Defendant Father. This payment will be effectuated through an immediate wage withholding.
4. TELEPHONE CONTACT: The minor children shall have daily uninterrupted telephone contact with the Plaintiff Mother between 8:00-8:15.
IT IS IMPERATIVE that each of the parties foster a feeling of affection between the children and the other parent; neither party shall do anything which would estrange the children from the other parent; nor which would injure the opinion of the children as to the other parent or which would impair the natural development of the children's love and respect for each of the parents.
Respectfully Submitted,
Jane Kinney Knotek, Guardian ad Litem CT Page 3968